IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LATOYA ANEKA PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV420-213 |
| | ) | |
| THE VENETIAN CASINO RESORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Venetian Casino Resort, LLC's ("Venetian") Motion to Dismiss, which Plaintiff Latoya Aneka Pratt has not opposed.[1] (Doc. 5.) For the following reasons, Defendant's motion is **GRANTED**.

**BACKGROUND**[2]

Plaintiff brings this negligence action against Defendant for a slip and fall injury that occurred in Defendant's casino—the Venetian Casino Resort, located in Las Vegas, Nevada. (Doc. 1 at 4.) Plaintiff alleges that, while returning to her hotel room in the Venetian Casino Resort, she slipped on a puddle of liquid in

---

[1] Under Local Rule 7.5, failure to respond to a motion "within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5.
[2] For the purposes of this Order, the Court will accept all factual allegations in the Complaint as true and construe all allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

the lobby, with "no visible signs posted or cautionary flags alerting [her] to a slip hazard in the area." (Id. at 6.) A Venetian staff member saw Plaintiff fall but failed to assist her or call for assistance. (Id. at 7.) Plaintiff did not receive assistance until Marcus Bennett, the individual with Plaintiff at the time she fell, asked a Venetian staff member to call for help. (Id.)

Plaintiff was treated on-site by an EMT and then taken to Sunrise Hospital Emergency Room. (Id. at 7-8.) At the emergency room, medical professionals X-rayed Plaintiff before releasing her with a knee stabilizer and a prescription for ibuprofen. (Id. at 8.) Upon awakening at the hotel later that night, Plaintiff was "virtually immobilized with pain." (Id. at 9.) After returning to her home in Savannah, Georgia, Plaintiff's pain forced her to go to Memorial Hospital Emergency Room for further evaluation. (Id. at 9.) Doctors at Memorial ordered further X-rays and prescribed Plaintiff medicine for her pain. (Id. at 10.) After her visit to Memorial, Plaintiff began receiving further treatment at Optim Orthopedics. (Id.) As a result of her fall, Plaintiff sustained injuries to her shoulder, elbow, back, coccyx, knee, and heel. (Id.)

On September 4, 2020, Plaintiff filed her complaint in this Court, invoking this Court's jurisdiction on the basis of diversity of citizenship and claiming damages in the amount of $544,377.27. (Id. at 4.) Specifically, Plaintiff claims that Defendant "failed

2

to provide an environment free of slip hazards, failed to provide adequate warnings of the hazardous area, and failed to render aid upon witnessing Plaintiff in distress." (Id.) In its motion to dismiss, Defendant argues that the Court does not have personal jurisdiction over Defendant because "all pertinent acts and injuries for jurisdictional purposes occurred in Nevada," and Defendant is a Nevada resident. (Doc. 5 at 3-4.) Moreover, Defendant alleges that, even if the Court has personal jurisdiction, the proper venue for the case is Nevada. (Id. at 7-8.) Lastly, Defendant asserts that Plaintiff fails to state a plausible claim for relief. (Id. at 8.) Because Plaintiff has not demonstrated that Defendant is subject to personal jurisdiction in this Court, Defendant's motion is due to be granted.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause

of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted).

4

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Id. at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545, 127 S. Ct. at 1959).

## ANALYSIS

Defendant seeks dismissal on the grounds that this Court does not have personal jurisdiction over Defendant. (Doc. 5 at 3.) "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the due process clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d. 1249, 1257 (11th Cir. 2010). It is the plaintiff seeking to exercise

5

personal jurisdiction over a nonresident defendant who bears the burden of alleging in the complaint sufficient facts to make a prima facie case of jurisdiction. Id. (citing United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).

Georgia's long-arm statute articulates the specific range of circumstances under which Plaintiff can subject a foreign defendant to personal jurisdiction in the state. In pertinent part, the long-arm statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. . . .

O.C.G.A. § 9-10-91. If the long-arm statute fails to provide for jurisdiction, the Court need not consider whether the exercise of personal jurisdiction is constitutionally permitted. See Diamond Chrystal Brands, 593 F.3d at 1259-60.

Even accepting the allegations in the complaint as true, Plaintiff fails to demonstrate that Defendant is subject to jurisdiction under Georgia's long-arm statute. The alleged tortious acts and omissions occurred entirely in Nevada. (Doc. 1 at 5-6.) Plaintiff does not allege that Defendant transacts any business in Georgia. Moreover, Plaintiff has not alleged that Defendant derives substantial revenue from services rendered in Georgia nor that Defendant solicits business or engages in any other persistent course of conduct in Georgia.

Additionally, Defendant has provided an unrefuted, sworn declaration that outlines Defendant's connection, or lack thereof, to Georgia. (Doc. 5, Attach. 1) According to the Declaration, Defendant is a Nevada LLC that has its principal place of business in Nevada. (Id. at 2.) Defendant has never been licensed or registered to do business in Georgia and, in fact, has never done business in this state. (Id.) Moreover, Defendant does not maintain any mailing address or telephone listing in Georgia, nor does it have any officers or employees in Georgia. (Id. at 3.) Based on the foregoing, it is clear that this Court does not have personal jurisdiction over Defendant. See Diulus v. Am. Express Travel Related Serv., No. 1:19-CV-1551-MHC, 2019 WL 10960607 at *6 (N.D. Ga. June 26, 2019) (holding a resort, by inviting guests and allegedly creating a hazardous situation, had not transacted business in the state of Georgia as that term is understood in

7

Georgia long-arm statute jurisprudence); Gust v. Flint, 257 Ga. 129, 130, 356 S.E.2d 513, 524 (Ga. 1987) (finding Wisconsin sellers did not perform any of the acts within the state listed in the statute, rendering Georgia courts unable to exercise personal jurisdiction). Accordingly, Defendant's motion to dismiss (Doc. 5) is **GRANTED**.[3]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. As a result, Plaintiff's Complaint (Doc. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case. SO ORDERED this 14th day of June 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Because personal jurisdiction over Defendant is lacking, the Court need not address Defendant's other arguments for dismissal.